IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY ESPOSITO, | : | |
| Petitioner | : | |
| vs. | : | 5:12-CV-163 (CAR) |
| CARL HUMPHREY, Warden, | : | |
| Respondent | : | |

# **ORDER**

Pending before the Court is Petitioner John Anthony Esposito's Motion for Leave to Conduct Discovery and Authorization and Payment of Necessary Expert Services. (Doc. 32).

Esposito's attorneys request "basic discovery as regards Mr. Esposito's current functioning and mental health status in order to determine whether counsel must request that this Court ma[k]e a determination regarding Mr. Esposito's competence to proceed." (Doc. 33 at 2). Specifically, his attorneys seek a court order allowing an unnamed forensic mental health expert to examine Espositio to determine his "current competence and ability to proceed." (Doc. 33 at 2). To support this request, his attorneys state that they have "noted a significant deterioration in Mr. Esposito's mental state" during recent interactions, which has caused them to have "a good faith belief that Mr. Esposito is not competent to proceed further in this habeas corpus proceeding." (Doc. 33 at 1-2).

Normally, requests for discovery in habeas corpus proceedings are governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 6"), which provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." According to the United States Supreme Court, a petitioner establishes "good cause" for discovery if "specific allegations before the court show reason to believe that [he] may, if the facts are fully developed, be able to

demonstrate that he is confined illegally and is therefore entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969). Additionally, a habeas petitioner must have diligently pursued the sought-after discovery in the state courts or the district court must deny his requests. *Isaacs v. Head*, 300 F.3d 1232 (11th Cir. 2002) and *Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002).

To any extent that Esposito is seeking financial assistance for an expert, his requests are governed by 18 U.S.C. § 3599(f), which provides as follows:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g).

*Id.*

As Esposito acknowledges, his is not the typical request for discovery. (Doc. 35 at 4). He does not seek discovery that might help him prove that he is confined illegally and is, therefore, entitled to have his petition for writ of habeas corpus granted. Instead, his attorneys seek discovery to determine his "current functioning and mental health status." (Doc. 33 at 2). Furthermore, his diligent pursuit of discovery to support this claim in the state courts is not at issue because he is not seeking to prove that he was incompetent during any of the of the state proceedings. Instead, the attorneys who have been appointed to represent him in this federal habeas corpus action claim that "recent interactions" with Esposito make them question his current mental state. (Doc. 33 at 1).

The Supreme Court has held that the standard to determine competency is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (quotations and citations omitted). A defendant who is incompetent may not be subjected to trial. *Drope v. Missouri,* 420 U.S. 162 (1975). The right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution prohibits executing the insane. *Ford v. Wainwright*, 477 U.S. 399 (1986). Finally, if a petitioner facing capital punishment seeks to dismiss

or withdraw his habeas corpus petition and forego any further legal proceedings, the court must determine his competency before allowing him to do so. *Rees v. Peyton*, 384 U.S. 312 (1966). Esposito is not facing trial, he is not scheduled to be executed, and he does not seek to dismiss his habeas petition.

As Esposito concedes, neither the United States Supreme Court nor the Eleventh Circuit[1] has ever held that there is a constitutional or statutory right to be competent during habeas proceedings. In fact, the Supreme Court has held that if a habeas petitioner is unable to litigate his own claims because of mental incompetency, a "next friend" may pursue the litigation on his behalf. *Whitmore v. Arkansas*, 495 U.S. 149, 162-64 (1990). This approach has been codified at 28 U.S.C. § 2242, which allows a habeas petition to be filed "by someone acting" on behalf of the prisoner.

If there is no constitutional or statutory right to be competent during these proceedings, Esposito's mental health is irrelevant. Esposito relies on a case from the Ninth Circuit, *Rohan v. Woodford*, 334 F.3d 803 (9th Cir. 2003), in which the court held that the statutory right to counsel in federal capital habeas actions incorporates a statutory right to competence.[2] *Rohan* is not binding on this Court and absent any guidance from the Supreme Court or the Eleventh Circuit, this Court is reluctant to delay these proceeding so that an unnamed forensic mental health expert can evaluate Esposito and, in turn, inform counsel whether they should, or should not, file a motion for competency determination. This is especially true in light of the fact that counsel has not informed the Court why they require Esposito's assistance.

In his petition for writ of habeas corpus, Esposito asserts eleven claims for relief. (Doc. 1). Respondent maintains that some of these claims are procedurally defaulted, some are not cognizable

---

[1] In *Ferguson v. Sec'y for the Dep't. of Corr.*, 580 F.3d 1183 (11th Cir. 2009), a case that pre-dated the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the court assumed, without deciding, that there was a federal right to be competent during federal habeas proceedings. *Id.* at 1222.

[2] The source of the statutory right discovered in *Rohan* was 21 U.S.C. § 848(q)(4)(B). That statute was "repealed and recodified without change at 18 U.S.C. § 3599." *Harbison v. Bell*, 129 S. Ct. 1481, 1489 (2009). Section 3599(a)(2), which requires appointment of counsel in both § 2254 and § 2255 cases seeking to vacate a death sentence, does not reference competency.

in federal habeas corpus proceedings, and the remaining were rejected on the merits in either the direct appeal to the Georgia Supreme Court or by the state habeas court following a full evidentiary hearing. (Doc. 10). Under AEDPA, a state court's ruling on the merits is reviewed only to see if the state court reasonably applied "clearly established Federal law" and if the state court's decision was reasonable given the "evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2). The Supreme Court has held that review of the claims must be based upon the record developed in the state courts. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-1400 (2011). Since the record under review is limited the record before the state courts, it is unclear how Esposito's ability to communicate with his attorneys is essential to their ability to prosecute his case. At this stage in the proceedings, the Court fails to see how Esposito's claims require further factual development or further input from Esposito and counsel have not informed the Court how Esposito needs to assist them with these proceedings, which appear to be records-based and purely legal.

As Esposito explains, the Supreme Court granted certiorari in *Tibbals v. Carter*, Docket No. 11-218, a case out of the Sixth Circuit, and *Ryan v. Gonzalez*, Docket No. 10-930, a case out of the Ninth Circuit, to address, among other issues, whether capital prisoners possess a right to competence in federal habeas proceedings. Oral argument took place in both of these cases on October 9, 2012. Should the Supreme Court hold that capital prisoners must be competent to proceed with their federal habeas corpus actions, Esposito remains free to file an appropriate motion. At this time, however, his Motion for Leave to Conduct Discovery and Authorization and Payment of Necessary Expert Services is **DENIED**.

**SO ORDERED**, this 4th day of January, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lnb