IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN ANTHONY ESPOSITO,  :
                        :
         Petitioner,    :
                        :
vs.                     :
                        :  NO: 5:12-CV-163 (CAR)
CARL HUMPHREY, Warden,  :
                        :
         Respondent.    :

## ORDER

Petitioner moves the Court under Federal Rule of Civil Procedure 59(e) to alter and amend the Court's March 30, 2022 Order denying Petitioner's Federal Rule of Civil Procedure 60(b) motion to reopen and stay his habeas action. ECF No. 91. Respondent has responded to Petitioner's motion and Petitioner has replied. ECF Nos. 95; 98. For reasons discussed below, the motion is **DENIED**.

### I.    STANDARD

"'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Petitioner cannot use a "'Rule 59(e) motion ... to relitigate old matters, raise argument or present evidence

1

that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

## II.   ANALYSIS

On December 29, 2021, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) to reopen and hold in abeyance his 28 U.S.C § 2254 action, which had been closed for more than seven years. ECF No. 84. He requested the Court to address whether he "was denied due process, a fair trial, and a reliable sentence by juror misconduct occasioned when a juror met with her pastor seeking guidance on how to reconcile her Christian faith with her obligations as a juror in a capital case." *Id.* at 1. Almost twenty-three years after his conviction, Petitioner had obtained evidence in the form of a second affidavit from Janice Harris, formerly Janice Seagraves, one of the jurors in his criminal trial. ECF No. 84-2. In her second affidavit, Harris stated that "after being questioned as a potential juror," she spoke with her church pastor about serving on a capital case and reviewed Bible passages he recommended. *Id.* at 3. Petitioner argued that "given the inherently prejudicial nature of the misconduct at issue here, [he] will be entitled to an order vacating his conviction and death sentence." *Id.*

In its March 30, 2022 Order, the Court found Petitioner's Rule 60(b) motion was, in fact, a second or successive habeas petition and, therefore, the District Court did not

have jurisdiction. ECF No. 90; 28 U.S.C. § 2244(b)(3). Petitioner makes two arguments in his Rule 59(e) motion to alter or amend judgement: (1) the Court's finding was clearly erroneous because his juror-misconduct claim was never adjudicated on the merits, and (2) the Court should reverse its March 30, 2022 Order to prevent manifest injustice. ECF No. 91-1 at 3-8; 98 at 2-9.

The Court has already addressed Petitioner's argument that his juror-misconduct claim was not adjudicated on the merits. ECF No. 90. Petitioner raised a generically worded juror misconduct claim in his 28 U.S.C. § 2254 petition, which he failed to support with evidence or argument. ECF Nos. 1 at 26; 84 at 4; 90 at 7-10. The Court found Petitioner abandoned this claim. ECF No. 67 at 85-86. Petitioner does not take issue with this finding. In other words, he does not argue the Court incorrectly found he abandoned his generally worded juror misconduct claim. Instead, he argues that he now has evidence, which he did not have before, to support a specific juror misconduct claim and the Court should, therefore, reopen his habeas action, review the newly discovered evidence, and vacate his conviction and death sentence. ECF Nos. 84-1; 84-2; 90. Thus, as the Court previously found, Petitioner's Rule 60(b) motion "assert[ed], or reassert[ed], claims of error in the movant's state conviction," and it, therefore, must be "treated as a second or successive federal habeas corpus petition"--which is subject to the restrictions on such petitions in § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).

Contrary to Petitioner's assertion, the Court did not improperly find that habeas counsel failed to act diligently or blame Petitioner for juror Harris' failure to "expose her misconduct." ECF No. 91-1 at 6. In fact, the Court stated that "[i]t could be, as Petitioner argues, that he could not reasonably discover any evidence of Harris' conduct until July 2021. That, however, is an argument Petitioner needs to make to the Eleventh Circuit when he seeks authorization to file a second or successive habeas petition." ECF No. 90 at 8; 28 U.S.C. § 2244.

Next, Petitioner argues that the Court should reverse its March 30, 2022 Order because failure to consider his juror-misconduct claim will result in manifest injustice. ECF Nos. 91-1 at 9-11; 98 at 7-9. Specifically, he states that "allowing for [Petitioner] to be executed without a federal court's review of the juror-misconduct claim would create a manifest injustice, which is grounds for reconsideration of a judgment under Rule 59(e)." ECF No. 91-1 at 9. The Court is not foreclosing federal review of Petitioner's juror-misconduct claim. It is simply holding that he must follow the procedure in 28 U.S.C. § 2244 and move in the Eleventh Circuit Court of Appeals for an order that would allow this Court to consider his juror-misconduct claim.

For these reasons, Petitioner's Federal Rule of Civil Procedure 59(e) motion to alter and amend the Court's March 30, 2022 Order denying Petitioner's Federal Rule Civil Procedure 60(b) motion is **DENIED**. ECF No. 91.

4

**SO ORDERED**, this 10 day of November, 2022.

_____
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT